Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
DOLORES MURILLO HERRERA

ORIGINAL FILED
07 JUN 18 AM 11: 09
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. [illegible]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

C07 03188 JF RS

| | |
|---|---|
| DOLORES MURILLO HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC., D/B/A ASSOCIATED RECOVERY SYSTEMS, a California corporation, and JASON A. HOWERTON, individually and in his official capacity,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 Unites States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, DOLORES MURILLO HERRERA, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

-1-
COMPLAINT

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6. Plaintiff, DOLORES MURILLO HERRERA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, ARS NATIONAL SERVICES, INC., D/B/A ASSOCIATED RECOVERY SYSTEMS (hereinafter "ARS"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 201 West Grand Avenue, Escondido, San Diego County, California 92025-2603. ARS may be served as follows: ARS National Services, Inc., c/o Kathy Howerton, Agent for Service of Process, 201 West Grand Avenue, Escondido, San Diego County, California 92025-2603. The principal business of ARS is the collection of debts using the mails and telephone, and ARS regularly attempts to collect debts alleged to be due another. ARS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, JASON A. HOWERTON (hereinafter "HOWERTON"), is a

-2-
COMPLAINT

1 natural person and is or was an employee, agent, officer and/or director of ARS at all relevant times. HOWERTON may be served at his current business address at: Jason A. Howerton, ARS National Services, Inc., 201 West Grand Avenue, Escondido, San Diego County, California 92025-2603 and at his residence address at: Jason A. Howerton, 2114 Via Tiempo, Cardiff by the Sea, San Diego County, California 92007-1208. HOWERTON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that HOWERTON is liable for the acts of ARS because he sets and approves ARS collection policies, practices, procedures and he directed the unlawful activities described herein.

9. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

10. On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely a consumer credit card account owed to Citibank (South Dakota), N.A., and bearing the account number XXXX-XXXX-XXXX-0724 (hereinafter "the alleged debt"). The financial obligation alleged to be owed to Citibank (South Dakota), N.A., by the Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. Sometime thereafter, on a date unknown to the Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from the Plaintiff.

12. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. A true and accurate copy of the first collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

14. The first collection letter (Exhibit "1") is dated April 9, 2007.

15. The collection letter (Exhibit "1") was the Defendants' first written notice initially addressed to the Plaintiff in connection with collecting the debt allegedly owed to Citibank (South Dakota), N.A.

16. On or about April 19, 2007, Plaintiff mailed a letter to Defendants which stated: "please be advised that I dispute this debt and refuse to pay."

17. A true and accurate copy of the Plaintiff's letter disputing the debt and refusing to pay the debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

18. Defendants received Plaintiff's letter disputing the debt and refusing to pay the debt (Exhibit "2") on or about April 23, 2007.

19. A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the debt and refusing to pay the debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

20. After receiving Plaintiff's letter disputing the debt (Exhibit "2"), Defendants continued their collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

21. After receiving Plaintiff's letter notifying Defendants of her refusal to pay the debt (Exhibit "2"), Defendants continued to communicate with the Plaintiff in an attempt to collect the alleged debt.

22. Thereafter, Defendants sent a second collection letter (Exhibit "4") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23. A true and accurate copy of the second collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

24. The second collection letter (Exhibit "4") is dated June 8, 2007.

25. Plaintiff received the envelope containing the second collection letter (Exhibit "4") from Defendants on or after June 9, 2007.

## VII.  CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

26.  Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

27.  Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25 above.

28.  Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

29.  Defendant, ARS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.  Defendant, HOWERTON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.  The financial obligation allegedly owed to Citibank (South Dakota), N.A., by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

32.  Defendants have violated the FDCPA in the following respects:

    a.  Defendants continued to communicate with the Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c); and

    b.  Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b).

33.  Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34.  As a result of the Defendants' violations of the FDCPA, the Plaintiff is

1  entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15
2  U.S.C.§ 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

36. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 34 above.

37. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

38. Defendant, ARS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39. Defendant, HOWERTON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40. The financial obligation allegedly owed to Citibank (South Dakota), N.A., by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

41. Defendants have violated the RFDCPA in the following respects:

   a. Defendants continued to communicate with the Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17; and

   b. Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b), as incorporated by Cal. Civil Code § 1788.17.

42. Defendants' acts as described above were done willfully and knowingly with

the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

43. As a result of the Defendants' willful and knowing violations of the RFDCPA, the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

44. As a result of the Defendants' violations of the RFDCPA, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

45. As a result of the Defendants' violations of the RFDCPA the Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

46. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692g(b);

c. Declare that Defendants' violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

-7-
COMPLAINT

1   g.   Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to
2        15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and
3   h.   Award the Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    DOLORES MURILLO HERRERA

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOLORES MURILLO HERRERA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.